Terry HENRY, Claimant–Appellant,

v.

PRECISION APPARATUS, INC.,
Employer–Respondent,

and

Missouri State Treasurer, Custodian of the 2nd Injury Fund, Respondent.

No. SD 29772.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 16, 2010.

Motion for Rehearing or Transfer Denied March 9, 2010.

Application for Transfer Denied
May 25, 2010.

Andrew S. Lyskowski, Camdenton, MO, for Appellant.

Jared P. Vessell, Columbia, MO, for Employer-Respondent.

Heather C. Rowe, Springfield, MO, for Custodian 2nd Injury Fund (No brief filed).

NANCY STEFFEN RAHMEYER, Judge.

Terry Henry ("Claimant") was seriously injured at his place of employment; however, the Labor and Industrial Relations Commission ("the Commission") determined he failed to meet his burden of proof that he sustained an accident arising out of and in the course of employment in that he was injured prior to the inception

of his "work shift" when he was volunteering his assistance to a friend engaged in a personal vehicle repair. Because of our limited standard of review on the factual matters, we affirm the Commission's decision.[1]

In light of the standard of review, we must accept the following facts as true. Claimant worked four ten-hour days per week, normally commencing work at 7:00 a.m., until 5:30 p.m.; he typically arrived fifteen to thirty minutes early for his work shift to put his tools in order and prepare for his day. Claimant's employer is in the business of building ambulances and fire trucks. The employer allowed employees to work on their personal vehicles before work, during lunch hours, or after hours. On the date of the incident, Claimant arrived as usual fifteen to twenty minutes before 7:00 a.m. After he put his tools on his workbench and was to begin his timesheet, a co-worker pulled his personal vehicle into a garage bay to fix a flat tire. Claimant heard someone say that the co-worker's truck was going to roll off the jack, so Claimant volunteered to get a rock to keep the truck from moving. As he was doing so, he tripped over something and heard a loud snap which resulted in a broken leg.

Claimant argues in his first point that the Commission erred in its application of section 287.020.2, RSMo Cum.Supp.2005, because it construed the "work shift" too narrowly as being on the "company clock." The Commission did not make such a finding, nor would we. The Commission simply found that Claimant was not yet working for the employer when he was injured; the Commission could have found that Claimant was working for the employer when he was arranging his tools and at his workbench if the injury had occurred at that time. Had the Commission found a compensable injury occurred at his workbench, but prior to seven o'clock in the morning, we would accept the Commission's factual determination of when the injury occurred and Claimant's activities at the time of the injury. In other words, we must accept the factual determination that the injury occurred prior to the time that Claimant was engaged in work activities and while Claimant was engaged in a non-work activity. Point I is denied.

In his second point, Claimant contends that the Commission erred when it found that the accident occurred when Claimant was "volunteering his assistance to a friend engaged in personal vehicle repair." Again, although Claimant argues that he was providing a benefit to employer because he was trying to prevent a dangerous situation and make sure the employer's bay doors were clear of vehicles, the Commission, as the fact finder, did not find any benefit to the employer. We cannot find error with that determination. The Commission found that Claimant's activity in retrieving a rock off a hill was to provide a benefit to a co-worker prior to the commencement of Claimant's work shift. That determination is supported by sufficient competent evidence. Point II is denied.

The Commission's award is affirmed.

SCOTT, C.J., and CORDONNIER, SP.J., concur.

---

1. We examine the whole record to determine if it contains competent and substantial evidence to support the Commission's award. *K & D Auto Body, Inc. v. Div. of Employment Sec.*, 171 S.W.3d 100, 103 (Mo.App. W.D. 2005). Even if there is evidence that would support a contrary finding, this Court should not substitute its opinion of the facts for that of the Commission. *Id.*